**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **Criminal Number: 1:08CR154** |
| | ) | **Hon. Liam O'Grady** |
| **AMOBI AGU,** | ) | **Sentencing: July 25, 2008** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S POSITION WITH REGARD TO SENTENCING FACTORS**

Pursuant to Rule 32 of the *Federal Rules of Criminal Procedure* and Section 6A1.3 of the advisory *United States Sentencing Guidelines*, the Defendant Amobi Agu, by counsel, hereby states that he has received and reviewed the Presentence Report ("PSR") prepared in this case and that he has no corrections to report. He does, however, object to the assignment of a four-level enhancement for abduction.

Mr. Agu respectfully requests that, should the court sustain the defense's objection discussed below, that this court sentence him at the low end of the advisory guideline range. Should this court sustain the defendant's objection, the low end of the guideline range with result in a sentence of incarceration of 135 months with respect to the robbery conviction. If this court overrules the objection, then the low end of the current guideline range will result in a sentence of 235 months for the robbery conviction, and Mr. Agu respectfully requests that this court impose a variance sentence of 200 months. In addition, this court is required to imposed a mandatory consecutive sentence of

1

84 months for the firearm conviction. This substantial sentence is sufficient to accomplish the purposes of sentencing under 18 U.S.C. § 3553(a).

## BACKGROUND

On May 8, 2008, Mr. Agu pleaded guilty to Counts 6 and 12 of a fifteen-count indictment. Count 6 charges armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d), and carries a maximum penalty of 25 years imprisonment, 5 years of supervised release, a $250,000 fine, and a $100 special assessment. Count 12 charges use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and carries a consecutive mandatory minimum sentence of 7 years imprisonment, 5 years of supervised release, a $250,000 fine, and a $100 special assessment. This court continued sentencing to July 25, 2008 to allow for the preparation of a PSR.

Under the terms of the plea agreement, Mr. Agu stipulated to the commission of a total of seven armed bank robberies. In the initial presentence report, the probation officer did not include a four-level enhancement for abduction under one of the stipulated robberies. That initial advisory guideline range was 135-168 months imprisonment for the bank robberies. Based on that initial report, the defense notified the probation officer that there were no objections to the report. However, the probation officer later changed the report to include this enhancement based on the government's objection. This change increased the advisory guideline range to 235-293 months imprisonment. The defense now objects to this enhancement and argues that the initial report contains the appropriate advisory guideline range in this case.

**ARGUMENT**

**I.     The Circumstances of the March 10, 2007 Bank Robbery Do Not Support an Abduction Enhancement**

The defense objects to the assessment of a four-level enhancement for abduction under U.S.S.G. § 2B3.1(b)(4)(A).  This enhancement applies "[i]f any person was abducted to facilitate the commission of the offense or to facilitate escape . . . ."  *See id.*  The application notes of Section 2B3.1 contains a reference to application notes in Section 1B1.1 for a definition of "abducted."  Those notes state that "[a]bducted means that a victim was forced to accompany an offender to a different location.  For example, a bank robber's forcing a bank teller from the bank into a getaway car would constitute an abduction."  U.S.S.G. § 1B1.1, comment. (n.1(A)).

In this case, the probation officer assessed a four-level enhancement for the stipulated robbery of the Bank of America located in Springfield, Virginia on March 10, 2007.  In the Statement of Facts, Mr. Agu agreed that he led a security guard into the bank at gunpoint.  The Springfield Bank of America is located on the ground floor of a three-story building.  The bank is the only business located on the ground level.  The lobby area of the ground floor is small, measuring about 20 feet from the main building entrance to the bank entrance.  Through a review of discovery and investigation of the Springfield Bank of America, at the time Mr. Agu confronted the security guard, the guard was located inside the lobby of the building, a few feet from the entrance to the bank.  Under these circumstances, the minimal movement of the security guard from the lobby of the building into the bank is not sufficient to warrant the abduction enhancement.

**II.     Should This Court Find that the Guideline Range is Appropriately Calculated, This Court Should Impose a Variance Sentence in This Case**

The Supreme Court has unequivocally held that sentencing courts are to look to both the Guidelines manual and the sentencing factors articulated in 18 U.S.C. § 3553(a), and that the court may sentence outside the recommended guideline range if the circumstances of the particular case calls for such a result. *See United States v. Booker*, 543 U.S. 220, 245, 259-50 (2005). The Court recently clarified its holding in *Booker* in a series of decisions that discussed the authority and the appropriateness of imposing a sentence outside the advisory guideline range. *See Gall v. United States*, --- U.S. ----, 128 S. Ct. 586 (2007); *Kimbrough v. United States*, --- U.S. ----, 128 S. Ct. 558 (2007); *Rita v. United States*, 551 U.S. ----, 127 S. Ct. 2456 (2007). These cases stand for the proposition that the sentencing court is free to disagree with the advisory guideline range and impose a variance sentence if the court believes that the Guidelines do not adequately address certain aspects of a defendant's case. *See Kimbrough*, 128 S. Ct. at 570*; Rita*, 551 U.S., 127 S. Ct. at 2465. Indeed, Congress has expressly stated that [n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

When determining the appropriate sentence in a case, courts must first look to the applicable Guidelines and determine whether the advisory guideline range has been properly calculated. *See Gall*, 128 S. Ct. at 596 (citing *Rita*, 551 U.S., 127 S. Ct. at 2465). The Supreme Court has clearly stated that "sentencing court[s] do[] not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita*, 551 U.S., 127 S. Ct. at 2465. Instead, the Guidelines are merely a

"starting point" or an "initial benchmark" that courts must look to in conducting its sentencing analysis. *See Gall*, 128 U.S. at 596. The Guidelines "now serve as one factor among several courts must consider in determining an appropriate sentence." *See Kimbrough*, 128 S. Ct. at 564.

Next, after listening to the parties' arguments as to the appropriate sentence, a sentencing judge must look to the sentencing factors delineated under 18 U.S.C. § 3553(a) to determine whether they support the sentence requested by the parties. *See Gall*, 128 U.S. at 596. The advisory sentencing guideline range represents only a "rough approximation" of the sentencing objectives outlined in Section 3553(a). *Rita*, 551 U.S., 127 U.S. at 2465. Accordingly, the judge must make "an individualized assessment" as to whether a *variance sentence* — that is a sentence outside of the recommended Guideline range based on the sentencing factors under Section 3553(a), as opposed to a downward departure — is warranted under the circumstances. *See Gall*, 128 U.S. at 597; *see also United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007). The Supreme Court acknowledges that some cases may call for a variance sentence where the Guidelines do not adequately reflect Section 3553(a) factors, or where the case simply warrants a different sentence than the Guidelines suggest. *See Rita*, 551 U.S., 127 S. Ct. at 2465. Justice Steven's concurring opinion in *Rita* is illustrative of this point:

> As we stated in [*Koon v. United States*, 518 U.S. 81 (1996)], "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and the punishment to ensue." The Commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics. Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civic, charitable, or public service are not ordinarily considered under the Guidelines. These are, however, matters that § 3553(a) authorizes the sentencing judge to consider.

551 U.S., 127 S. Ct. at 2472-73 (Stevens, J., concurring); *see also United States v. Jimenez-Beltre*, 440 F.3d 514, 527 (1st Cir. 2006) (Lipez, J., dissenting) (noting that the Guidelines' prohibition and discouragement of certain defendant characteristics is at tension with the personalized view of a defendant under 18 U.S.C. § 3553(a)); *United States v. Ranum*, 353 F. Supp. 2d 984, 986 (E.D. Wis. 2005) (same). Courts may therefore impose variance sentences "based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough*, 128 S. Ct. at 570. A sentencing court's imposition of a variance sentence is entitled to due deference. *See Gall*, 128 S. Ct. at 597.

Section 3353(a) obliges courts to consider a number of factors in assessing an appropriate sentence, and cautions that the resulting sentence should be "sufficient, but not greater than necessary" to accomplish the purposes of sentencing. Courts must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence, to protect the public from future crimes and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences available; and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a).

### A. The Advisory Sentencing Guideline Range Calculation

As discussed above, the defense objects to the current advisory sentencing guideline range of 235-293 months, as the range of 135-168 months more accurately characterizes the offense conduct in this case. Mr. Agu respectfully requests that this court impose a sentence at the low end

of the 135-168 advisory guideline range with respect to the robbery conviction. Should this court find that the appropriate advisory guideline range is 235-293 months, Mr. Agu respectfully requests that this court impose a sentence of 200 months in addition to the consecutive 84 month sentence of imprisonment. This sentence is sufficient, but not greater than necessary, to accomplish the purposes of sentencing.

### B. A Sentence of 284 Months Imprisonment Adequately Addresses the Statutory Sentencing Factors Under 18 U.S.C. § 3553(a)

Mr. Agu will be sentenced by this court for armed bank robbery and use of a firearm in the commission of a crime of violence. Should this court overrule the defense's objection to the presentence report and finds that the advisory guideline range is appropriately calculated at 235-293 months imprisonment, a sentence of 200 months imprisonment for the robbery conviction, in addition to the consecutive mandatory minimum sentence of 84 months for the firearm conviction, appropriately addresses the seriousness of Mr. Agu's criminal conduct, protects the public from further criminal activity, and reflects the need to provide just punishment and deterrence, while taking into account his history and characteristics. This will result in a total sentence of 284 months, or 23 years and 8 months imprisonment.

Mr. Agu stands to be sentenced by this court for committing seven armed bank robberies over the course of 12 months with a loss amount of over $200,000. This is certainly serious conduct, and a significant sentence is warranted to punish and deter Mr. Agu from committing any further criminal acts. Certainly a sentence of 23 years and 8 months imprisonment will accomplish this purpose.

Mr. Agu is 23 years old, and although he was born in Raleigh, North Carolina, he was primarily reared in Washington, D.C. He also lived between Washington with his mother and North Carolina and Arizona with relatives. Attached to this memorandum are 14 letters from Mr. Agu's family and friends.[1] These letter describe a young man who is a wonderful father to his two year old daughter. A man who is kind, caring, and full of potential. His loved ones describe him as intelligent, a good person, respectful, articulate, charismatic, artistic, spiritual, talented, and loving to his family. It is difficult to explain why a young man who has so many good and redeeming qualities would commit such serious offenses. His family's letters help to provide some explanation.

Mr. Agu likely has unresolved issues of abandonment and anger as a result of an absent father and an unstable mother. Although his mother tried to protect him, Mr. Agu often witnessed men abuse his mother, many of whom abused drugs as well. He witnessed things that no child should have to see. He grew up without a lot of supervision, and was moved between various family members while his mother struggled to achieve a stable home environment. As a result, he developed a level of intelligence and independence beyond his years. However, as a coping mechanism, he also became so independent and distrustful of others, he learned to rely on himself only and never learned how to ask for help when he needed it most. This is most vividly depicted in his juvenile criminal history described in the presentence report.

What most of his family and friends probably do not know is that Mr. Agu has a severe gambling addiction. Before becoming involved in the instant offense, he amassed hugs gambling debts playing street craps. The people he owed these debts to threatened his life. Instead of asking

---

[1] One of the letters, written by Jennifer Langston, is redacted as it contains information not appropriate for the public record. Defense counsel will provide the original letter to the court and the government at sentencing.

for help from his family, he retreated into himself — a behavior he learned as a result of his unstable upbringing. His decision to commit armed bank robbery to solve his issues was certainly a terrible choice. He acknowledges this. He has be contrite and remorseful about his criminal conduct. He does not blame his upbringing for his poor choices. During his presentence interview, he fully acknowledges that he is not a product of his environment. Instead, he has stated that "My environment is a product of me."

While a significant sentence of imprisonment is warranted in this case, Mr. Agu's personal history and characteristics call for a variance sentence of 284 months. Such a sentence takes into consideration that Mr. Agu has never faced such a severe penalty. It also takes into account his mental and emotional health. It undoubtedly addresses the seriousness of the offense, provides adequate deterrence and punishment, and provides an opportunity for correctional treatment.

## **CONCLUSION**

The advisory sentencing guideline range does not adequately take into account the sentencing factors outlined by Section 3553(a) as they relate to Mr. Agu's background and personal history. His decision to plead guilty quickly, accept responsibility, and assist in the investigation of his criminal conduct, warrants a variance sentence. Accordingly, Mr. Agu respectfully requests that this court impose a variance sentence of 284 months imprisonment.

Respectfully submitted,

        /s/
Nia Ayanna Vidal, Esquire
Bar No. 48871
Attorney for Amobi Agu
Assistant Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA   22314
Telephone:     703-600-0878
Facsimile:      703-600-0880
Nia_Vidal@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2008, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Patricia Giles, Esquire
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA   22314
Patricia.Giles@usdoj.gov

           /s/
Nia Ayanna Vidal, Esquire
Bar No. 48871
Attorney for Amobi Agu
Assistant Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA   22314
Telephone:    703-600-0878
Facsimile:    703-600-0880
Nia_Vidal@fd.org